**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**

In the matter of:

DAVID FEAKER,
On Behalf of Himself
and All Others Similarly Situated

         Plaintiff,                    Case No.
v.                                    Hon.
                                        PROPOSED CLASS ACTION

THE PRA GROUP, INC.,
d/b/a PORTFOLIO RECOVERY ASSOCIATES,
a Legal Professional Corporation,
and WEBER & OLCESE, P.L.C.,

         Defendant(s).

_____/

**<u>CLASS ACTION COMPLAINT AND JURY DEMAND</u>**

Plaintiff David Feaker ("Plaintiff") by and through his counsel, attorneys Nicholas A. Reyna and Brian P. Parker, on behalf of himself and all others similarly situated, and by way of this Class Action Complaint against the Defendants alleges the following:

**<u>Nature of Action</u>**

1.  Plaintiff, on behalf of herself and all others similarly situated, brings this action against the Defendants, seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq,* the Michigan Occupational Code, M.C.L. § 339.901 ("MOC"), and the Regulation of Collection Practices Act (RCPA) codified at MCL 445.251 et seq.

2.  The violative collection practices at issue involve the Defendant's filing of thousands

of post-judgment requests for writs of garnishment in Michigan courts in connection with efforts to collect debts from consumers.

3.   Michigan law states: "If the garnishee is not indebted to the Defendant, does not hold any property subject to garnishment, and is not the Defendant's employer, the Plaintiff is not entitled to recover the costs of that garnishment."  MCR 3.101(R).  Despite this prohibition, the Defendant routinely has rolled the costs of not-yet-successful garnishment attempts into the balance owed in subsequent requests for writs of garnishment, misrepresented the amounts owed by consumers, collected amounts not owed by consumers, and violated the FDCPA and Michigan law.

4.   On the substance of these claims, the Michigan garnishment process does not properly allow a judgment creditor to tax garnishment costs until prevailing party status is settled on the garnishment itself.   Claiming costs due that really are not "costs" is a material misstatement for purposes of the FDCPA.   Under the prevailing party rule of Rule 2.625, garnishment plaintiffs must establish their right to recover costs by first achieving success on the garnishment action itself, just as a plaintiff in an original action establishes a right to recover costs by first winning on the merits of the case.

5.   The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be decided from the standpoint of the "least sophisticated consumer."  *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd."  *Kistner v. Law Offices of Michael P. Margelefsky,* LLC, 518 F.3d 433, 438 (6th Cir. 2008).

6.   To prohibit deceptive practices, the FDCPA at 15 U.S.C. §1692e outlaws the use of false, deceptive, and misleading collection efforts.  Among the per se violations thereof are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A) as well as the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.   Congress specifically enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.  15 U.S.C. § 1692(a)-(e).

8.   To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and provides a non-exhaustive list of certain per se violations of unconscionable and/or unfair collection conduct.  15 U.S.C. § 1692f(1)-(8).  Among these per se violations prohibited by the section include the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

9. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt.  *McKeown v. Mary Jane M. Elliott P.C.,* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc*. 126 B.R. 422, 426 (D.Del. 1991)) held that § 445.252(e) applies to Defendants such as these and utilizes an analysis  similar to that under 1692e of the FDCPA, both of which bar misleading and/or deceptive

communications, and otherwise deems it appropriate to view claims such as the Plaintiff's under the same "least sophisticated consumer" standard.  The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA, regardless of whether the debt collector is engaged in an abusive practice.

10. The Plaintiff on behalf of himself and all others similarly situated seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

11.  This case involves an obligation or an alleged obligation primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction.  The Regulation of Collection Practices Act (RCPA) codified at MCL 445.251 et seq., deals with debt collection practices by "regulated persons" in the State of Michigan.  The RCPA applies to debt collectors, banks, and a range of other creditors.

**Parties**

12. Plaintiff David Feaker ("Plaintiff") is a citizen of Michigan residing in Grand Rapids, Michigan.  Mr. Feaker is a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3), and a "consumer," "debtor," and "person" as the terms are defined and used in the MCPA.

13.  Defendant The PRA Group, Inc., doing business as Portfolio Recovery Associates ("Portfolio") is a Norfolk, Virginia-based Domestic Profit Corporation whose registered agent is listed as James F. Petitpren with registered office at 4037 Scott B in Saint Clair Township, Michigan 48079.  The Defendant regularly acts as the manager and servicer for charged off

consumer debt originally owned by other entities.  The Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.  The Defendant is a "debt collector" as the term is defined and used in the FDCPA.  The Defendant is a "regulated person" as the term is defined and used in the MCPA.

14. Defendant Weber & Olcese, P.L.C. ("Weber & Olcese") is a Michigan-based Domestic Limited Liability Company whose registered agent Michael J. Olcese with registered office at 3250 West Big Beaver Road (Suite 124) in Troy, Michigan 48084.  Weber & Olcese uses interstate commerce and the mails in a business whose principal purpose is the collection of debt.  Weber & Olcese regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.  Weber & Olcese is a "debt collector" as the term is defined and used in the FDCPA.  Weber & Olcese is a "regulated person" as the term is defined and used in the MCPA.

15. To confirm, the Michigan Rules of Professional Conduct require that when a lawyer receives a file, the lawyer's duty to protect the confidences of the creditor-client should exclude the use of a collection agency as an intermediary.  The conduct of cases in court, the preparation of pleadings and other papers incident to actions, and the management of such actions and proceedings on behalf of clients before judges and courts constitutes the practice of law.  *Dressel v. Ameribank,* 468 Mich. 557, 565 (2003).

16. A debt collector who takes assignment of a debt for purposes of collection only, places the debt with an attorney for collection, and manages the litigation by acting as an intermediary between the attorney and the creditor, is engaged in the unauthorized practice of law.  *Bay County Bar Association v. Finance System, Inc*., 345 Mich. 434 (1956); *Asset Acceptance Corporation v. Robinson*, 244 Mich.App. 728 (2001).  Co-Defendant Portfolio regularly engages in the unauthorized practice of law.

**Jurisdiction and Venue**

17. This Court has jurisdiction under 15 U.S.C. 1692 et seq (FDCPA) and 28 U.S.C. 1331 and 1337.  This Court has supplemental jurisdiction regarding the Defendant's state law claims under 28 U.S.C. 1367.   Declaratory relief is available pursuant to 28 U.S.C.§§ 2201, 2202. Venue in this jurisdiction is proper pursuant to 28 U.S.C. 1391(b) because the Defendant transacts business here, the pertinent events took place here, and the Plaintiff resides here.

**Factual Background**

18. The originating debt purportedly owed by the Plaintiff was for credit card purchases, which were used for personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5)  The alleged obligation is a "claim" or "debt" as defined by MCL 445.251(a).  The Plaintiff was otherwise at all times relevant to this lawsuit a "consumer" as that term is defined by 15 U.SC. § 1692a(3), and/or a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

19. As a result of the Plaintiff's purported default in payment on this debt, on or around March 15, 2011 a complaint was filed by co-Defendant Portfolio against the Plaintiff in the 59th District Court (case number 110263GC) seeking repayment of the amount supposedly owed, with judgment ultimately being rendered in the Defendants' favor on May 12, 2011 in the amount of $3,299.65.

20. On or around August 1, 2016, the Defendants filed a Request and Writ for Garnishment as a part of the corresponding state court judgment, representing in pertinent part that a "total amount of postjudgment costs accrued to date is $272.81."  On or around August 29, 2016, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as *Exhibit A*.

21. Upon information and belief, the contents of Exhibit A were subsequently served on the State of Michigan Department of Treasury Third Party Withholding Unit.  To date, no completed garnishee disclosure appears to have been returned to the Court for filing as required by the Third Party Withholding Unit based upon the Register of Actions available to the Plaintiff (*see Exhibit B*).

22. At a minimum, upon information and belief, included in the "postjudgment costs" sought by the Defendants were amounts attributable to the fee paid to the state court in connection with the filing of Exhibit A.  Pursuant to Michigan Court Rules, a garnishment plaintiff does not obtain prevailing party status, and corresponding entitlement to garnishment costs, before receiving either: 1) a disclosure indicating the garnishee owes money to, holds property of, or employs the defendant; or 2) actual payment from the garnishee. Only at that point does the garnishment plaintiff become a prevailing party who can properly claim costs.

23.  This class action on behalf of Mr. Feaker and the Michigan class members alleges that, in their Requests for Writ of Garnishment, the Defendants wrongfully added costs of the garnishment to which they were not entitled, thereby effectively misrepresenting the amount allegedly owed by the Plaintiff and the Michigan class.

24. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

25. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

26. The FDCPA states that it is unlawful for a debt collector to make a false

representation of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2)(A).

27. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

28. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

29. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

30.  The Defendants collect and attempt to collect defaulted debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of itself and other debts using the U.S. mail, telephone, and Internet.  As a result, the Defendants at all times relevant to this complaint engaged in the act and/or practice of "debt collection" as that term is defined by MCL 445.251(b); a "debt collector" as defined by 15 U.S.C. § 1692a(6); and/or a "collection agency" as that term is defined by MCL 445.251(b).

31.  Upon information and belief, it is the Defendants' policy and practice as to the Proposed Class here in connection with the collection of alleged consumer debts to collect amounts that are incidental to the principal obligation, with said amounts not having been expressly authorized by the agreement creating the debt or *permitted by law* in contravention of 15 §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(4), 1692e(10) and/or 1692f(1).

32. The Defendants violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1).  See, e.g., *Watkins v. Peterson Enterprises, Inc*., 57 F.Supp.2d 1102 (E.D. Wash. 1999).

33. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff.  *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991).

34. Under Michigan law, an assignee steps into the shoes of the assignor and only acquires such rights as the assignor possessed at the time of assignment.  *Coventry Parkhomes Condo Ass'n v. Fed. Nat. Mortg. Ass'n*, 827 N.W.2d 379, 382 (Mich. Ct. App. 2012).  Moreover, the rights of the assignor and assignee are fixed at the time of the notification of the assignment. *United States v. Gen. Motors Corp*. 929 F. 2d 249, 252 (6th Cir. 1991).

35. The described acts and omissions of the Defendants were done in connection with efforts to collect an alleged debt from the Plaintiff, such having been done intentionally and willfully.

36. The Defendants intentionally and willfully violated the FDCPA

37. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered actual damages in the form of anger, anxiety, emotional distress, frustration, upset, and embarrassment.

38. As a further direct and proximate result of the Defendants' actions, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.  Upon information and belief, the Defendants' written communications in charging a convenience fee as alleged in this complaint have been communicated to class members numbering in at least the thousands.

### Conclusions of Law

39. The collection actions taken against the Plaintiff by the Defendants violated numerous provisions of the FDCPA.  Most specifically, the Sixth Circuit has held that when "a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation" of the FDCPA. *Wise v. Zwicker & Assoc., P.C.*, 780 F.3d 710, 713 (6th Cir. 2015).  In addition, the bona fide error defense does not shield a debt collector from incorrect interpretations of the FDCPA itself. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 604-05 (2010).

40. Mr. Feaker and the Michigan class members allege that the wrongful conduct by the Defendants in attempting to collect an unauthorized and illegal amount to which they were not entitled and effectively defrauding this Court as result represented actions in violation of both the FDCPA and MCPA.

### COUNT I- VIOLATION OF 15 U.S.C. 1692e

41. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

42. The foregoing acts and omissions of the Defendants and their agents constituted numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to the Plaintiff.

43. The Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means as set forth in the foregoing paragraphs.

44. The Defendants violated 15 U.S.C. § 1692e(2)(A) by using a false representation of the amount of the debt and/or 15 U.S.C. 1692e(2)(B) by using a false, deceptive, and misleading representation concerning a service it rendered for which it was not legally entitled to receive

compensation for the foregoing reasons.

45. The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect the debt at issue for the foregoing reasons.

46. Each violation of the MCPA by the Defendants as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

47. Each violation of the MOC by the Defendants as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

48. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692.  *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999).  More specifically, "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937).  It seems sensible to suggest that attempts such as those by the Defendants in this case to collect garnishment costs under the guise of allowable "postjudgment costs" when the latter was clearly and unequivocally forbidden might well have the effect of confusing  a less sophisticated debtor such as the Plaintiff, which it in fact did.

49. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).  All communications from the Defendants, their agents, and representatives to the Plaintiff, both orally and in writing, shared the same

animating purpose- to coerce the Plaintiff into paying them amounts he should not have been legally required to pay.

50. As a result of each of the Defendants' violations of the FDCPA, the Plaintiff is specifically entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants.

## COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

51. The Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

52. The Defendants represent a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

53. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

54. The foregoing acts and omissions of the Defendants and their agents constituted numerous and multiple violations of the MOC including but not limited to each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 with respect to the Plaintiff.

55. The Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner by filing a Request and Writ for Garnishment outlining postjudgment costs owed which included costs of the garnishment itself which the Defendants possessed no legal or contractual right to pursue.

56. The Michigan Occupational Code states that it is unlawful for a collection agency or licensee to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 339.915(e).    The Defendants violated M.C.L. §339.915(e) for the foregoing reasons.  The MOC also states that it is unlawful for a collection

agency or licensee to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor.  M.C.L. § 339.915(f)(i) and (ii).

57. The Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt.

58. The Defendants violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by the Defendant's employees.

59. The Defendants' foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

60. The Defendants violated M.C.L. 339.915(e), (f)(i) and (f)(ii) for the foregoing reasons.

61. The Defendants' violations of the Michigan Occupational Code were willful.

62. As an actual and proximate result of the acts and omissions of the Defendants, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering, not to mention causing counsel for the Plaintiff unnecessary additional work by having to rectify the situation, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

63. More specifically, due to the Defendants' willful violations of the MOC, the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

## COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

64. The Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

65. The Defendants represent a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

66. The Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

67. The foregoing acts and omissions of the Defendants and their agents constituted numerous violations of the MCPA, which states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.  M.C.L. § 445.252(e). The MCPA also states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor.  M.C.L. § 445.252(f)(i) and (ii).

68. The Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner by filing a Request and Writ for Garnishment outlining postjudgment costs owed which included costs of the garnishment itself which the Defendants possessed no legal or contractual right to pursue.

69. The Defendants violated M.C.L. § 445.252(e) and 445.252(f)(i) and (ii) for the above stated reasons.

70. The Defendants violated M.C.L. 445.252(n) by using a harassing, oppressive, and/or abusive method(s) to collect the debt at issue.

71. The Defendants violated M.C.L. 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by the Defendants' agents and/or

employees.

72. The Defendants' foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

73. The Defendants' foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following:  (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

74. The Defendants, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff at a minimum whether they had provided sufficient verification of their legal right to collect in full the "postjudgment costs" at issue.

75. The Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

76. These violations of the MCPA were willful, and as a result the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

## COUNT IV- CLASS ALLEGATIONS

77.  This action is brought as a class action.  Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78.  The Plaintiff seeks to certify a single class as set forth below.

79.  The Plaintiff proposes a class comprised of Michigan persons where Defendants violated their rights under the with FDCPA and a MCPA and/or MOC class against the Defendants and those classes are defined to include (a) each and every natural person who was a defendant in a lawsuit filed in any Michigan court, in an attempt to collect a debt incurred by the person for personal, family or household purposes; (b) against whom the Defendants filed a postjudgment request and writ for garnishment in the lawsuit; (c) representing in the request and writ for garnishment that the person owed an amount that included alleged postjudgment costs in connection with a request and writ for garnishment; (d) but where no payment or credit was received as a result of the request and writ for garnishment upon which the alleged postjudgment costs were based; and (e) the person was not employed by the garnishee.

80.  The FDCPA claims of the Plaintiff and the members of the class are subject to a one year statute of limitation.  Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning one year prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the FDCPA.

81.  The MCPA and MOC claims of Plaintiff and the members of the class are subject to a six-year statute of limitation.  Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning six years prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the MCPA and MOC.

82. The identities of all class members are readily ascertainable from the business records of the Defendants; upon information and belief, the class consists of more than 1,000 persons.

83.   Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

84.   There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members, including (a) whether the Defendants was entitled to tack garnishment costs onto the postjudgment costs sought as a part of their requests for garnishment; (b) whether the requests for writs of garnishment filed by the Defendants misrepresented that the class members owed postjudgment costs in connection with unsuccessful writs for garnishment; (c) whether the Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of the FDCPA; (d) whether Defendants made false representations regarding the character, amount, or legal status of debts, in violation of the FDCPA; (e) whether the Defendants communicated credit information which Defendant knew or should have known was false, in violation of the FDCPA; (f) whether Defendants used unfair or unconscionable means to collect or attempt to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA; (g) whether the Defendants violated the MCPA, M.C.L. § 45.252(e), (a), (q), (f)(i) and(f)(ii); and/or (h) whether the Defendants violated the MOC, M.C.L. § 339.915(e), (a), (q), (f)(i) and (f)(ii).

85.   The Plaintiff's claims are typical of the class members, as all claims are based upon the same facts and legal theories.  Plaintiff's claims  and the claims of all class members are based on the same factual and legal theories.  Moreover, Plaintiff and all class members have suffered the same or similar injury, loss, and damage, all caused by Defendants' false, deceptive,

misleading, inaccurate and untrue representations made in the requests and writs for garnishment filed by Defendants with the state courts, including but not limited to the following: (a) Plaintiff and every class member suffered injury, loss and damage because Defendants misrepresented in filed requests for writs of garnishment "the amount of the unsatisfied judgment now due;" (b) Plaintiff and every class member suffered injury, loss and damage by being subjected to Defendants' active efforts to collect through garnishment proceedings money not owed; (c) Plaintiff and every class member suffered injury, loss and damage by being subjected to Defendants' active efforts to collect through garnishment proceedings, in which Defendants falsely communicated to the courts, the banks, the Michigan Department of Treasury, and other third parties, that Plaintiff and every class member owed money which in fact was not owed; (d) Plaintiff and every class member suffered injury, loss and damage by having their net worth diminished publicly by Defendants' false representations through garnishment proceedings that Plaintiff and every class member owed money which in fact was not owed; (e) Plaintiff and every class member suffered injury, loss and damage by being accused publicly by Defendants of owing money which in fact was not owed; (f) Plaintiff and every class member suffered injury, loss and damage for unwarranted harm or the threat of unwarranted harm to their credit for the reason that all of the three major credit reporting agencies, Experian, Equifax and TransUnion, regularly and routinely obtain from the court records, federal and state, amounts purportedly owed by consumers and then include that information in the consumers' credit history and credit reports; and (g) Plaintiff and every class member suffered injury, loss and damage to their right granted by statute to be free from false representations made by regulated persons and debt collectors attempting to collect alleged debts.

86. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes

defined in this complaint.  Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have

any interests which might cause them to not vigorously pursue this action.

87.  This action has been brought, and may be properly maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

(a) **Numerosity**- The Plaintiff is informed and believes and on that basis alleges that

the Plaintiff Class defined above is so numerous that joinder of all members would be

impractical.

(b) **Common Questions Predominate**- Common questions of law and fact exist as to

all members of the Plaintiff Classes and those questions predominate over any

questions or issues involving only individual class members.

(c) **Typicality**- The Plaintiff's claims are typical of the claims of the class members.

Plaintiff and all members of the Plaintiff Classes have claims arising out of the

Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy**- The Plaintiff will fairly and adequately protect the interests of the

class members insofar as Plaintiff has no interest that will prove adverse to the absent

class members.  The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions.  Neither the Plaintiff nor her counsel has any

interest which might cause them to not vigorously pursue the instant class action

lawsuit.

(e) **Superiority**- A class action is superior to the other available means for the fair

and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

88.  Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for the Defendants, who collects debt throughout the United States of America.

89.  Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination regarding the Defendants' attempts to assess costs of garnishment as allowable "postjudgment costs" assessed as a part of filed Requests and Writ for Garnishment in violation of both the RCPA and FDCPA, and whether such entitles the Plaintiff Class to obtain injunctive relief pursuant to MCL 445.257(1).

90.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

91.  Depending upon the outcome of further investigation and discovery, the Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

## CONCLUSION

### COUNTS I :  VIOLATION OF 15. U.S.C § 1692

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)     Actual damages pursuant to 15 U.S.C. §1692k;

(B)     Statutory damages pursuant to 15 U.S.C. §1692k;

(C)     For declaratory relief pursuant to 28 U.S.C.§§ 2201, 2202

(D)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(E)     Such further relief as the court deems just and proper.

### COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)     Damages pursuant to M.C.L. § 339.916(2) against Defendants.

(B)     Treble the actual damages pursuant to M.C.L. § 339.916(2); and

(C)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)     Actual damages, trebled, for Plaintiff and for each member of the class, pursuant to M.C.L. § 445.257;

(B)      Statutory damages, trebled, for Plaintiff and for each member of the class, pursuant to M.C.L. § 445.257;

(C)     Injunctive relief, for Plaintiff and for each member of the class, pursuant to M.C.L. § 445.257;

(D)     Declaratory relief, Ceasing the complained conduct regarding unearned fees and costs on garnishments for Plaintiff and for each member of the class, pursuant to M.C.L. § 445.257;

(E)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

(F)     Such further relief as the court deems just and proper.

**COUNT IV- CLASS ALLEGATIONS**

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests that as to the First Plaintiff Class, that the Court enter an order certifying that the Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury of all issues.


Date:  January 9, 2017   /s/ Nicholas A. Reyna
           Nicholas A. Reyna (P68328)
           Attorney for Plaintiff
           528 Bridge St., Ste. 1A
           Grand Rapids, MI 49504
           (616) 235-4444
           Nickreyna7@hotmail.com


           /s/ Brian P. Parker
           Brian P. Parker (P48617)
           Attorney for Plaintiff
           2000 Town Center, Ste. 1900
           Southfield, MI 48075
           (248) 342-9583
           brianparker@collectionstopper.com